DAVENPORT v. WHISLER AND SHIELDS.

1. **Pleading:** DEMURRER. A demurrer is sufficiently specific when it contains unmistakable reference to the facts of the pleading demurred to.

2. **Deed:** DELIVERY: ACCEPTANCE. The delivery of a deed implies its acceptance by the grantee, in the absence of fraud, artifice, or imposition.

3. ———: EFFECT OF ACCEPTANCE. By the acceptance of the deed the contract of sale is executed and merged therein, and any inconsistencies between its original terms and the deed are in general to be explained by the latter.

*Appeal from Scott District Court*

THURSDAY, JUNE 14.

IT is alleged in the petition that on the 30th day of July, 1873, the defendant, Whisler, was the owner in fee of certain real estate; that there was a mortgage upon the same; that the plaintiff contracted to purchase said property from Whisler; and both of said defendants joined in the execution of a bond for a deed to plaintiff. The petition further shows that

upon the delivery of the bond plaintiff paid Whisler the sum of $2200, the same being in full of the purchase money; that the obligation of defendants by said bond was that Whisler should, on the 19th day of August, 1874, make a conveyance with a good and sufficient warranty deed, covering any and all acts done and performed by said Whisler after he became the owner of the property.

It is further averred that Whisler did subsequently execute and deliver to plaintiff a deed for the said real estate, but that said deed was not a good and sufficient warranty deed as required by said bond; that the conditions of said bond were and are broken in this, to-wit: Before the making of said bond, Whisler had mortgaged the property to one Fitch, which mortgage at the date of the execution of the bond, and also at the time of the execution of said deed, was a lien thereon; that on the 19th day of April, 1876, the plaintiff paid and discharged said mortgage, being compelled to do so in order to remove the lien; and the amount so paid was $779. Judgment is prayed against both defendants. Copies of the said bond and deed were exhibited with the petition.

The conditions of the bond are as follows: "The conditions of this obligation are such that if said obligors who hereby acknowledge payment in full for said property * * * * shall convey to the said obligee that tract or parcel of real estate situated, etc., * * * * * said conveyance to be made on the 19th day of August, 1874, with a good and sufficient warranty deed covering any and all acts done and performed by said C. S. Whisler since he has owned the property, and he warrants the title so far as he is concerned. * * * * If said parties of the first part shall * * * * execute and deliver to said party of the second part, or to his assigns, a good and sufficient warranty deed of the land above described, with the covenants above set forth in writing * * * * then these presents to be void, otherwise of full force."

The deed executed and delivered by C. S. Whisler and A. E. Whisler, his wife, recites "that they have bargained and sold, and by these presents do grant, bargain, sell, and forever

quit-claim unto the said party of the second part, his heirs, executors, and assigns, all their interest, claim or demand, in and to the following real estate.   *   *   *   * And the said Whislers will forever warrant and defend the title of said property so far as relates to themselves or any transactions of theirs, since they have owned said property."

"To have and to hold the same with all the appurtenances thereto belonging unto said party of the second part or his heirs, executors and assigns forever."

Whisler made default, and judgment was rendered against him for the amount claimed. Defendant, Shields, demurred to the petition upon the following grounds:

"1.   The said petition does not state facts sufficient to constitute a cause of action in this, that it does not appear by the said petition that this defendant, Shields, has committed any breach of the conditions of the said obligation.

"2.   The facts stated in the said petition avoid the plaintiff's cause of action, in this, that it appears upon the face of the said petition that the condition of the said obligation has not been broken, but has been fully performed, and that this defendant has by the acts of said Davenport and Whisler been discharged from his said obligation as surety for the said Whisler."

The demurrer was overruled. The appellant elected to stand upon his demurrer. Judgment was rendered against him, and he appeals.

*Brown & Campbell* and *James T. Lane*, for appellant.

*Cook & Richman*, for appellee.

ROTHROCK, J.—I. It is urged by appellee that the demurrer is too general and should be disregarded. We believe this position to be correct as to the first division or ground of demurrer. But the second ground or cause, and that which we think raises the real question in the case, is sufficiently specific. It states that the facts stated in the petition avoid the cause of action because it appears upon the face of the petition that the defendant, Shields, has

1. PLEADING: demurrer.

been discharged from his obligation by the acts of Davenport and Whisler. It is claimed that the acts of Davenport and Whisler which discharged Shields from his obligation should be set out in the demurrer.

This cause of demurrer refers to the statements upon the face of the petition as to the acts of Davenport and Whisler which it is claimed discharged Shields. These acts consist of the making and delivering of the deed by Whisler to Davenport, and the payment and discharge of the mortgage by Davenport. We do not think it was necessary that the demurrer should have repeated these acts. It contained an unmistakable reference to them, and this was sufficient. We are the more ready to hold the demurrer sufficient in form, because it is insisted by counsel for appellant that it was disposed of in the court below upon its merits, and not disregarded as too general, and there is nothing in the record inconsistent with such claim.

II. The petition alleges that at the time of the execution of the bond Whisler was the owner in fee simple of the property and it was then incumbered by the mortgage. It is not alleged that there was any other lien, or any defect in the title either at the time the bond was executed or at the time the deed was delivered. So far as appears from the allegations of the petition, the deed of Whisler conveyed to plaintiff a good title, and clear of incumbrance or lien excepting the mortgage. Under these circumstances it is not a material question whether the deed in form complies with the condition of the bond. We think, however, that it is not a mere release or quit-claim, but that it conveys title and in form is in substantial compliance with the bond.

III. The petition alleges that Whisler delivered the deed to defendant. It is now insisted that this does not imply an acceptance of the deed by plaintiff. We think it 2. DEED: delivery: acceptance. does. As the allegation is made in the petition, it would be a strange interpretation of language to hold that the deed was delivered but not accepted. There can be no delivery without acceptance—the one necessarily includes the other. There might be a mere manual delivery of a deed or

the like by some fraud, artifice or imposition, which would not include an acceptance; but the averments of this petition present no such case.

IV. The plaintiff, having accepted the deed of Whisler, in the absence of imposition or fraud, must look to the cove-
3. ——: effect nants of the deed for relief. "When the deed of
of acceptance. conveyance has been executed, the contract is then executed, any inconsistencies between its original terms and those of the deed are, in general, to be explained and governed solely by the latter, into which the former is merged, and by which the parties are thereafter to be bound, and the purchaser's only relief, either at law or in equity, from defects or incumbrances, depends, in the absence of fraud, solely upon the covenants for title which he has received." Rawle on Covenants for title, 605. See, also, *Houghtaling v. Lewis*, 10 Johns, 297; *Banks v. Galharth*, 10 Barr., 490; *Shortz v. Brown*, 27 Pa. St., 131. In our opinion the demurrer should have been sustained.

REVERSED.