(117 So. 757)

## STATE BOARD OF ADMINISTRATION et al. v. ROQUEMORE. (3 Div. 851.)

Supreme Court of Alabama. June 28, 1928.

Charlie C. McCall, Atty. Gen., for appellants.

E. T. Graham, of Montgomery, for appellee.

SOMERVILLE, J. Section 1335 of the Code provides:

"The state highway department is authorized to rent, construct or purchase such buildings, stock, machinery, tools, materials and other equipment as it may find necessary for use in carrying out the provisions of this article and pay for the same out of the state highway fund. It shall also pay out of said fund the necessary expenses of the department of every description, * * * and also the cost of all supplies or materials furnished for said department, and for the maintenance of all live stock and machinery used by the department or its agents."

This section was re-enacted, without change, as section 35 of the Highway Act of August 23, 1927. Acts 1927, pp. 359, 360.

On the other hand, section 14 of the Act of February 10, 1923, creating the state board of convict supervisors, provides:

"That the board of convict supervisors shall purchase all supplies for all departments and activities of the State, except educational, charitable and eleemosynary institutions, * * * under rules and regulations which the board may adopt, with the approval of the Governor," etc. Acts 1923, p. 71.

Under these statutes it is clear that although, as happened in this case, the highway department may upon occasion use the facilities and services of the board of convict supervisors for the purchase of needed supplies, it has the authority to buy on its own account, through its own proper officers or agents; and, when the highway department has bought supplies or materials, including hay for the maintenance of its live stock it is not merely authorized, but is *required*, to pay for them out of the highway fund.

This mandate for the payment of claims for supplies thus furnished is of course intended for the protection of those who deal with the department, and who, without that protection, would be without remedy, since they cannot sue the state, and could not coerce officials.

This proceeding for mandamus is in no sense a suit against the state. The petition shows an executed contract of purchase and sale, for a definite price, and therefore a clear legal duty on the part of the highway department, through its executive head, presumptively, to audit and approve petitioner's claim, in order that it may be paid out of the appropriate fund on warrant drawn by the state auditor in accordance with the usual practice.

It is of course true that *discretionary* action or choice of action on the part of public officials cannot ordinarily be coerced by mandamus. Citizens' Bank, etc., v. Commissioners' Court, 209 Ala. 646, 96 So. 778; State ex rel. Ducourneau v. Langan, 149 Ala. 647, 43 So. 187; Ex parte Thompson, 52 Ala. 98, 100. But, in cases like this, the board's discretion is exhausted when it gives an order for materials and *accepts delivery* of them in due season; or, if there is receipt without express acceptance, when the materials are accepted by their *actual use*. Of course it always remains for the responsible officer to ascertain the existence of the facts upon which his obligation to perform the duty depends, but that is not the kind of judgment or discretion which would avert the writ of mandamus. Grider v. Talley, 77 Ala. 425, 54 Am. Rep. 65; State ex rel. Turner v. Bradley, 134 Ala. 549, 552, 33 So. 339; Stewart v. Wilson Printing Co., 210 Ala. 624, 627, 99 So. 92. If the rule were otherwise, there would be little, if any field for the operation of the writ.

The Supreme Court of California, per Hayne, C., has pointed out with excellent discrimination and understanding the underlying foundation for the issuance of this writ against a public officer:

"In every case the tribunal that is to act must determine in the first instance whether the case is a proper one for its action. And in our opinion the true tests are whether its determination is intended by law to be final, and if not, whether there is any other 'plain, speedy, and adequate remedy.' If the determination of the tribunal was intended to be final, it is plain that it cannot be disturbed, either on mandamus or in any other way. If it was not intended to be final, but there is another 'plain, speedy, and adequate remedy,' the writ cannot issue; for it was not designed to usurp the place of other remedies. But if the determination was not intended to be final, and there is no other adequate remedy, the writ must issue. Otherwise there would be an admitted wrong without a remedy. The writ issues in such case to prevent a failure of justice. And this is its ancient office. In the language of Lord Mansfield: 'It was introduced to prevent disorder from a failure of justice and defect of police. Therefore it ought to be used upon all occasions where the law has established no specific remedy, and where, in justice and good government, there ought to be one.' Rex v. Barker, 3 Burr. 1268. See, also, 3 Bla. Com. 110; Tapping on Mandamus, 9; Commonwealth v. Sessions of Hampden, 2 Pick. 418." Wood v. Strother, 76 Cal. 545, 553, 18 P. 766, 771, 9 Am. St. Rep. 249, 256.

The test, therefore, in this case, is whether the duty to audit, approve, and pay for materials and supplies bought by the highway department for its proper use, and actually delivered in accordance with the

order of purchase, was intended to be a matter of discretion in its executive officers, or a matter of right in favor of the seller who has parted with his property in good faith.

Looking to the language of the statute (Code, § 1335), and considering its general purpose, we feel bound to hold that it was not intended that the refusal of the highway department, or of its purchasing agent, the board of convict supervisors, to approve a just claim for the price of goods actually bought and delivered, should be final and conclusive against the seller; that the duty to pay includes by necessary implication the duty *to approve* in such form as that payment may be duly obtained, and that this duty on the facts predicated is a mandatory duty for the enforcement of which mandamus is the appropriate remedy.

But, even where the officer has some discretion in reaching the conclusion upon which it is his duty to act, if there is a palpable abuse of his discretion, and no other remedy for its correction, mandamus will lie, as held very generally by the courts. 38 C. J. 660, § 199.

On the other hand, the petitioner must come into court with clean hands, and any fraudulent, dishonest, or inequitable conduct on his part in respect of the matter at issue invites or requires a denial of the writ. U. S. v. Fisher, 222 U. S. 204, 32 S. Ct. 37, 56 L. Ed. 165; Funck v. Farmers' El. Co., 142 Iowa, 621, 121 N. W. 53, 24 L. R. A. (N. S.) 108; People v. Jeroloman, 139 N. Y. 14, 34 N. E. 726; 38 C. J. 574, § 48.

With the exception of the claim for damages for failure to receive two loads of hay on June 27, which was eliminated by the trial court on demurrer, the claim asserted is for an amount fixed or determinable by the terms of the contract of sale. It is therefore definite and certain, and is not an unliquidated claim, in the sense that would render mandamus unavailable.

The allegation of "delivery," in this context, implies acceptance by the purchaser. Tate v. Clement, 176 Pa. 550, 35 A. 214; Davenport v. Whisler, 46 Iowa, 287; Salmon Falls Co. v. The Tangier, 21 Fed. Cas. 266, 267. Hence the petition does not show an outstanding discretion in the respondents to accept or reject the hay, but an executed discretion by its acceptance. Finally, the petition shows, not a claim for breach of contract, but a claim for money due upon a fully executed contract.

We think the demurrer to the petition was properly overruled.

The respondents were content to rely upon a general denial of the allegations of the petition. The disputed issues were (1) upon the fact of delivery, including acceptance, of the hay; and (2) upon the quality and soundness of the hay, and its conformity to the specifications of the order.

If respondents' authorized agent, Frazier or Johnson, did not accept the hay at the time it was unloaded and placed in the feed tent, nor afterwards, the writ of mandamus does not lie, because the sale was never completed, and the duty of the highway department to pay never arose.

The testimony on this issue is set out in the statement above. It is true that where goods are expressly rejected, their mere deposition on the buyer's premises, even with his consent, will not in itself create an acceptance, nor become an effective delivery. Moody v. Brown, 34 Me. 107, 56 Am. Dec. 640; Courtney v. William Knabe, etc., Mfg. Co., 97 Md. 499, 55 A. 614, 99 Am. St. Rep. 456. Receipt does not necessarily mean acceptance. Pierson v. Crooks, 115 N. Y. 539, 22 N. E. 349, 12 Am. St. Rep. 831, 835. But the petitioner's testimony shows more than that—in fact it shows, or permits the inference, that the rejection previously expressed was qualified, and that it was intended that the hay should be stored and used for feed. And, while a mere receipt of goods is not in itself an acceptance of them, it may be, under favoring conditions some evidence of acceptance. Cooke v. Millard, 65 N. Y. 352, 22 Am. Rep. 619, 630.

Again, in the absence of any evidence tending to show that the highway department did not make use of this hay as its own property, it must be presumed, from the circumstances shown, that it was so used; and such use would constitute an acceptance, and would amount to a conclusive waiver of the right to reject. Fred W. Wolf Co. v. Monarch Refrigerating Co., 252 Ill. 491, 96 N. E. 1063, 50 L. R. A. (N. S.) 808; Noble v. Olympia Brewing Co., 64 Wash. 461, 117 P. 241, 36 L. R. A. (N. S.) 467, 23 R. C. L. 1437, § 260.

These considerations justify and support the finding of the trial court that the hay was delivered at the highway department's camp and accepted by its authorized agent.

On the issue of soundness and quality, the testimony was in dispute, but the greater weight of it supports the trial court's finding in favor of the petitioner.

On neither issue of fact would we be justified in setting aside the findings of the trial court.

It results that the writ of mandamus was properly awarded, and the judgment of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.