Dampier filed an action seeking a writ of mandamus to require James C. Pegues, fiscal officer for the University of Alabama in Birmingham (UAB) and S. Richardson Hill, President of UAB, to pay him $14,325.66 allegedly due under a contract. The circuit court granted the defendant's motion to dismiss. We reverse.
The basic question is whether the allegations of the complaint are sufficient to bring the claim within the holding of Hardin v. Fullilove Excavating Co., Inc., 353 So.2d 779
(Ala. 1977) and State Board of Administration, et al. v.Roquemore, 218 Ala. 120, 117 So. 757 (1928), so as to avoid UAB's constitutional immunity.
The essential allegations of the complaint are as follows:
 "1. On or about November 20, 1972, the plaintiff and the Board of Trustees of the University of Alabama, by and through its lawfully authorized agent, Joseph F. Volker, then President of the University of Alabama in Birmingham, entered into a written contract for the performance by plaintiff of architectural and consulting services for the construction of the Holmes Addition to Spain Rehabilitation Center at the University of Alabama Hospitals and Clinics, Birmingham, Alabama. A copy of said contract is attached hereto as Exhibit "A" and incorporated herein by reference.
 2. A sufficient sum was budgeted and available for the performance of this work according to a schedule of fees contained in said contract.
 3. Plaintiff performed all of the work and services called for in the architectural contract, and said services were accepted, approved and used by the University of Alabama in Birmingham."
The motion to dismiss contains several grounds. The first ground is that the suit is barred by sovereign immunity. Article I, Section 14, Alabama Constitution 1901. The second ground asserts that mandamus is inappropriate because an adequate remedy exists through the State Board of Adjustment. The third and fourth grounds assert res judicata and collateral estoppel because of a prior suit by Dampier against the University of Alabama Board of Trustees.
Basically, Hardin holds that state officials may not arbitrarily withhold payment where the other party has undisputedly performed in accordance with the contract. In the defendant's answer to the petition they asserted as a defense that Dampier breached the contract and consequently is not entitled to the final payment. Whether the contract was breached or not is a fact question.
The complaint is not to be construed strictly against the pleader when challenged by a motion to dismiss. Butts v. Weiss,346 So. 422 (Ala. 1977). It is clear that if the plaintiff proved each allegation in his complaint, his claim would fall squarely within the holdings of Hardin and Roquemore. In these two cases, this Court affirmed the issuance of a writ of mandamus to compel state officials to pay sums of money due under executed contracts.
Therefore, considering the complaint in a light most favorable to the plaintiff, we hold that his petition is sufficient to withstand a motion to dismiss.
Motions to dismiss should only be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.Jeannie's Grocery v. Baldwin County Elec. Mem. Corp.,331 So.2d 665 (Ala. 1976).
The other grounds in the motion to dismiss are also without merit. Possible redress through the State Board of Adjustment will not prevent mandamus. Dunn Construction Co. v. State Boardof Adjustment, 234 Ala. 372, 175 So. 383 (1937). *Page 226 
The prior suit by Dampier against the Board of Trustees of the University of Alabama will not prevent the maintenance of this suit. The parties in the two suits were not the same. The sole issue decided in Dampier's prior suit was the immunity of UAB under § 14. See Ellison v. Abbott, 337 So.2d 756 (Ala. 1976); Hutchinson v. Board of Trustees of University ofAlabama, 288 Ala. 20, 256 So.2d 281 (1971). However, State immunity is subject to certain exceptions, one of which is recognized in Hardin. This cause is not barred by any principles of res judicata or collateral estoppel. Webster v.Gunter, 336 So.2d 170 (Ala. 1976).
The judgment of the circuit court is reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.