JONES, Justice.
This case comes before the Court as an appeal from a writ of mandamus issued in circuit court requiring certain septic tank permits to be issued to Plaintiffs-Appellees. We affirm.
Plaintiffs filed suit against the State Board of Health seeking a declaratory judgment, a writ of mandamus, and other equitable relief, alleging that the denial by the Board of Health of applications by Atnip for tank permits for certain lots in Atnip’s subdivision, Northwood Acres, was unreasonable, discriminatory, a denial of due process of law, and a denial of equal protection of the law. The Board denied the allegations and pled the defenses of sovereign immunity and impropriety of the use of a writ of mandamus as a remedy in this case. The Board counterclaimed for injunction against Plaintiffs to prevent the further development of the subdivision until all areas to be developed were approved by the Board. The case was heard ore tenus; the Court determined that the then existing standards and regulations for septic tank permits had been met by Atnip; and it mandated that the permits be issued. The Board’s counterclaim was denied.
In order to resolve this case, we look first to the propriety of, and evidentiary support for, the writ of mandamus issued by the Court below. We find mandamus to be a proper remedy in this case. Defendants cannot successfully claim the defense of sovereign immunity against a complaint alleging abuse of official power and discretion and arbitrary or capricious exercise of discretion. McDowell-Purcell, Inc. v. Bass, 370 So.2d 942 (Ala.1979). One of the purposes of such a writ is to prevent the arbitrary and capricious exercise of these powers; to hold that State agencies are immune from such suits would nullify this purpose.
*1308 The evidence supports the trial Court’s finding that Plaintiffs were indeed treated in a manner outside normal Board practice and in an apparently capricious fashion by the Board’s inspector. Percolation and bore hole tests were conducted in the rain, which was not standard or accepted practice. Despite the fact that the Board’s established rainy season (their testing period for septic tank approvals) ran from December through April, Atnip’s request for retesting in April, 1978, was denied. Mr. Atnip was told that he would have to wait until December at which time he was to dig a hole with a backhoe and leave it open for approximately six weeks when inspection would take place. It appears that such delay and test procedure were outside the realm of the Board’s standard practice. No justification for the variance was presented by the Board. In addition, Mr. Atnip was told that percolation tests would not be run on his property until February, 1979.
In May, 1978, a month beyond the Board’s established inspection season, a subdivision approximately one and a half to two miles from Plaintiffs’ property was inspected and approved by the State Board. In December, 1978, Plaintiffs had percolation and bore tests run with representatives of the County Board of Health present who found the results to be within the required standards, provided two qualifications were agreed to: 1) That 1200-gallon rather than 1000-gallon tanks be used, and 2) that 400-foot rather than 300-foot field lines be used. Despite Plaintiffs’ willingness to comply with these additional requirements and the positive test results, the State Board refused to accept the results and issue the permits.
Having reviewed the entire record and considered each of Appellants’ contentions, we find the trial Court’s decision is amply supported by the evidence; thus, we affirm.
AFFIRMED.
TORBERT, C. J., and MADDOX, AL-MON, SHORES and BEATTY, JJ., concur.