This appeal arises from an action filed in the Circuit Court for Pike County. The appellant, Joseph R. Taylor, filed a petition *Page 474 
for an alternative writ of mandamus to Troy State University; Ralph W. Adams, its president; and Robert M. Paul, vice-president of Troy State University, Dothan/Ft. Rucker. Taylor alleged that he was a tenured professor of Troy State University, and that his employment had been wrongfully terminated, notice of such termination having failed to comply with the rules and regulations of Troy State University regarding termination of tenured employees. Taylor sought to require the defendants to deliver to him a contract of employment for the 1982-1983 school year.
After the trial court issued the alternative writ of mandamus, the defendants filed an answer, denying all the material allegations. They also filed a motion to dismiss, claiming that Troy State University and Ralph W. Adams were not proper parties to the action, that the petition failed to state a claim upon which relief could be granted, and that the petition was barred by the constitutional immunity of the State of Alabama from suit pursuant to Article 1, Section 14, Constitution of Alabama 1901. The circuit court granted the defendants' motion to dismiss, and Taylor filed this appeal.
The following issue and questions raised thereby are dispositive of this appeal:
 Was the trial court correct in granting the defendants' motion to dismiss?
 a. Is the petition for writ of mandamus barred by the Constitutional immunity of the State of Alabama?
 b. Does the petition fail to state a claim upon which relief can be granted?
We affirm the lower court's judgment in dismissing defendant Troy State University from the suit. As regards the two individual defendants, we reverse.
 I.
Article 1, § 14, Constitution of Alabama 1901, states:
Sec. 14. State not to be made defendant.
 That the State of Alabama shall never be made a defendant in any court of law or equity.
Because of this section, Alabama has been held to have virtually complete sovereign immunity. Sanders Lead Co. v.Levine, 370 F. Supp. 1115 (M.D.Ala. 1973). This immunity extends to the state's institutions of higher learning. See, e.g.,Hutchinson v. Board of Trustees of University of Alabama,288 Ala. 20, 256 So.2d 281 (1971); Harmon v. Alabama College,235 Ala. 148, 177 So. 747 (1937). The State's immunity bars suits for relief by way of mandamus or injunction, no less than suits for any other remedy. See Engelhardt v. Jenkins, 273 Ala. 352,141 So.2d 193 (1962).
Our cases adhere to the view that the State has an interest such as will prohibit suit against the State official or employee where the action is, in effect, against the State.DeStafney v. University of Alabama, 413 So.2d 391 (Ala. 1982). However, this Court has held that certain categories of actions do not come within the prohibition of § 14: (1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgment Act seeking construction of a statute and its application in a given situation. Gunter v. Beasley,414 So.2d 41 (Ala. 1982); Aland v. Graham, 287 Ala. 226,250 So.2d 677 (1971). Other non-prohibited actions are inverse condemnation actions brought against State officials in their representative capacity and actions brought against State officials in their representative capacity and individually where it is alleged that they have acted fraudulently, in bad faith, beyond their authority, or in a mistaken interpretation of law. Gunter v. Beasley, supra; Ex parte Carter, 395 So.2d 65
(Ala. 1980).
This court has held that where discretion of a state official is exhausted and that which remains to be done is a ministerial act, mandamus will lie to require the act. See Hardin v.Fullilove Excavating Company, Inc., 353 So.2d 779 (Ala. 1977). Thus, a writ of mandamus has been issued to require the State Board of Health *Page 475 
to issue septic tank permits, when the court found that the denial of the permits was outside the realm of the Board's standard practice, and no justification for the variance was presented by the Board. State Board of Health v. Atnip Design Supply Center, Inc., 385 So.2d 1307 (Ala. 1980). Likewise, this court has held that mandamus would lie to require University of Alabama in Birmingham officials to pay an architect's fee due under contract, if the facts showed that payment was being withheld arbitrarily. Dampier v. Pegues, 362 So.2d 224 (Ala. 1978). Based on the foregoing, we conclude in the instant case that, if the individual defendants have not acted toward the plaintiff in accordance with their own rules and regulations, their acts are arbitrary, and an action for writ of mandamus will not be barred by the sovereign immunity clause of the Constitution of 1901.
 II.
With regard to whether the petition fails to state a claim upon which relief can be granted, we must examine the substance of the petition, which follows:
 1. Plaintiff is a tenured professor employed by defendant Troy State University holding such status under rules and regulations of said defendant in effect on the date of his employment. As such he may be dismissed only for proven cause. Plaintiff is currently completing his eighth consecutive year of employment as an assistant professor.
 2. Defendant Ralph W. Adams is President of Troy State University and is its chief executive officer responsible for seeing that rules and regulations of Troy State University are carried out, and is responsible for and has authority to terminate employment of contract employees at Troy State University.
 3. Defendant Robert M. Paul is Vice-President of Troy State University, Dothan/Ft. Rucker, and was at all times pertinent to these proceedings. He has no authority to terminate employment of contract employees such as the plaintiff.
 4. Plaintiff received on January 13, 1982, notice that Defendant Robert M. Paul, Vice-President of Troy State University, Dothan/Ft. Rucker, had written a letter terminating his contract with Troy State University. Robert M. Paul was not and is not authorized to terminate the employment of faculty members employed by Troy State University.
 5. The said notice received by the plaintiff did not comply with rules and regulations of Troy State University in that it was written and signed by an unauthorized person, and gave no notice of the reasons for the termination of employment.
 The plaintiff is ready, willing and able to continue his duties as a tenured member of the faculty of Troy State University.
 6. Plaintiff has been informed that the defendants will not honor his tenure status or pay his salary for the 1982-83 school year, notwithstanding plaintiff's request and demand of defendants that they do so.
 WHEREFORE, plaintiff prays that the Court will issue to said defendants its alternative writ of mandamus commanding them to show cause why they should not be required to: Deliver to the plaintiff his contract of employment executed by the defendants for the 1982-83 school year for the plaintiff's signature.
Dampier v. Pegues, supra, involves a motion to dismiss. In that case this court stated:
 The complaint is not to be construed strictly against the pleader when challenged by a motion to dismiss. Butts v. Weiss, 346 So.2d 422 (Ala. 1977). It is clear that if the plaintiff proved each allegation in his complaint, his claim would fall squarely within the holdings of Hardin and [State Board of Administration, et al. v.] Roquemore
[218 Ala. 120, 117 So. 757 (1928)]. . . .
 Therefore, considering the complaint in a light most favorable to the plaintiff, we hold that his petition is sufficient to withstand a motion to dismiss. *Page 476 
 Motions to dismiss should only be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Jeannie's Grocery v. Baldwin County Elec. Mem. Corp., 331 So.2d 665 (Ala. 1976).
Dampier v. Pegues, 362 So.2d at 225.
In the case before us, we hold that if the plaintiff proved every allegation against the individual defendants in his complaint, mandamus would lie. The defendants' answer denies each and every material allegation in the complaint. Their motion to dismiss states, in addition, that Taylor has no contractual relationship with Troy State University, being at all times employed by Troy State University Dothan/Ft. Rucker, which defendants claim is an autonomous institution. While the record indicates that there was a hearing on the motion, and both sides filed memoranda in support of their respective positions, there is no indication that any evidence was presented to the court. Thus, it does not clearly appear that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.
In light of the foregoing discussion, the judgment granting the motion to dismiss is, as regards the individual defendants, reversed, and the cause is remanded.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and BEATTY, JJ., concur.