This appeal arises from the dismissal under Rule 12(b)(6), A.R.Civ.P., of Melvin Dawson's counterclaim against Bank Independent. The original action was initiated by Bank Independent in order to repossess a mobile home purchased by Faye Peoples and mortgaged by her to Bank Independent. *Page 352 
Melvin Dawson had cosigned Peoples's promissory note secured by that mortgage.
The record indicates that Faye Peoples and Melvin Dawson gave Bank Independent a promissory note evidencing a loan to finance the purchase of a mobile home. At some point thereafter, Melvin Dawson was sent to a federal prison in Florida. On September, 17, 1989, Dawson executed a general power of attorney to Faye Peoples so that she could take care of his affairs while he was in prison. Using the power of attorney, Faye Peoples "rolled over", i.e., renewed, the note on October 25, 1989. Upon being released from prison, Dawson moved into the mobile home, which was located on property that he owns. Before Dawson's release from prison, Peoples had ceased making payments on the mortgage and had left the state.
After Peoples defaulted on the loan, the bank sued in an attempt to repossess the mobile home. Dawson counterclaimed against Bank Independent for $28,000 in rent for parking the mobile home on his property and "$200,000.00 for forgery, conspiracy, and using my name for personal gain on a promissory note . . . for a 1983 All American Mobile Home (serial #002631) dated October 25, 1989." The trial court found for Bank Independent, ordering the repossession of the mobile home and dismissing Dawson's counterclaim under Rule 12(b)(6), A.R.Civ.P., for failure to state a claim upon which relief could be granted.
Dawson does not contest the repossession of the mobile home. Therefore, the only issue before this Court is whether the trial court erred in dismissing Dawson's counterclaim.
This Court held in Fraternal Order of Police, StrawberryLodge No. 40 v. Entrekin, 294 Ala. 201, 314 So.2d 663
(1975):
 "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80. . . . Implicit in Conley and our cases is the requirement that the provable set of facts entitling plaintiff to relief must be according to a cognizable theory of law."
294 Ala. 201, 211, 314 So.2d 663 (1975).
On review of a Rule 12(b)(6) dismissal, the appropriate standard of review is whether, "when the allegations of the complaint are viewed most strongly in his favor, the pleader could prove any set of circumstances which would entitle him to relief." Raley v. Citibanc of Alabama/Andalusia,474 So.2d 640, 641 (Ala. 1985).
The record indicates that Dawson stated no facts that would entitle him to any relief. Therefore, the court properly granted the motion to dismiss.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.