The plaintiff, Raymond Bonner, appeals from the dismissal of his action alleging breach of contract and fraud against the defendants, David Henson, Gene Bright, and Alabama Agricultural and Mechanical University ("A M"). Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975. We affirm in part, reverse in part, and remand.
In his complaint, Bonner alleges that he and A M entered into a written employment contract that he signed and returned to representatives of A M. The document, an unsigned copy of which is attached to the complaint, stated the terms under which Bonner was to be employed as the head football coach at A M for a period of three years. Bonner's complaint alleges that beginning on March 4, 1992, and continuing thereafter, he was "repeatedly promised and assured" by Henson, A M's president, and Bright, A M's athletic director, that the contract had been accepted and executed by A M officials. Bonner alleges that in November 1993, he was notified of his dismissal as A M's head football coach, but that A M officials assured him that he would be compensated for the remainder of his three-year contract. Bonner says he was compensated according to the terms of the contract from March 4, 1992, through March 31, 1994. At that time, Bonner alleges, he received his last check from A M, and he says A M thereafter refused to honor the alleged contract. Bonner's complaint also alleges that A M officials fraudulently represented to him, to third parties, and to members of the print and broadcast media that he had a contract with A M.
Henson, Bright, and A M filed motions to dismiss. Among other grounds for dismissal, they contended they were entitled to sovereign immunity, that the Statute of Frauds precluded any relief on Bonner's contractual claims, and that Bonner's fraud claims were barred by the applicable statute of limitations. After the trial court dismissed Bonner's complaint, he filed a post-judgment motion, which the trial court denied. Bonner then requested leave of the court to amend his complaint; the court also denied that request. Bonner then appealed.
A dismissal governed by Rule 12(b)(6), Ala. R. Civ. P., should be granted sparingly, and is properly granted only when it appears beyond a doubt that the plaintiff cannot prove any set of facts that would entitle him or her to relief.Garrett v. Hadden, 495 So.2d 616 (Ala. 1986). Upon review of a dismissal, the appellate court must examine the allegations contained in the complaint and construe them so as to resolve all doubts relating to the sufficiency of the complaint in favor of the plaintiff. Fontenot v. Bramlett, 470 So.2d 669
(Ala. 1985). The *Page 486 
court must then determine whether the plaintiff could prove any set of circumstances that would entitle him or her to relief under some cognizable theory of law. Dawson v. BankIndependent, 602 So.2d 351 (Ala. 1992); Rice v. United Ins. Co.of America, 465 So.2d 1100 (Ala. 1984). In so doing, the appellate court does not consider whether the plaintiff will ultimately prevail, but only whether he or she has stated a claim under which he or she may possibly prevail. Fontenot, 470 So.2d at 671.
Bonner's complaint alleges injury resulting from the breach of an alleged contract and from fraudulent misrepresentations made to him. Henson, Bright, and A M contend that the doctrine of sovereign immunity entitles them to dismissal from the case. Section 14 of the Alabama Constitution of 1901 prohibits not only actions against the state, but also actions against its officers and agents in their official capacity when a result favorable to the plaintiff would directly affect a contract or property right of the state. DeStafney v.University of Alabama, 413 So.2d 391 (Ala. 1981). This immunity extends to the state's institutions of higher learning. Taylorv. Troy State Univ., 437 So.2d 472 (Ala. 1983). Because A M clearly is constitutionally immune from suit, its motion to dismiss was properly granted. Stark v. Troy State Univ.,514 So.2d 46 (Ala. 1987).
In determining whether Henson and Bright are constitutionally immune from suit, we must consider the nature of the action or the relief demanded. DeStafney, 413 So.2d at 394. That aspect of Bonner's action that seeks money damages for breach of contract, although nominally against Henson and Bright individually, is prohibited by § 14 as an action against the state. Id.; Milton v. Espey, 356 So.2d 1201 (Ala. 1978). Section 14 does not, however, prohibit an action brought against a state official in his or her representative capacity or individually if the plaintiff alleges that the state official acted fraudulently, in bad faith, beyond his or her authority, or in a mistaken interpretation of the law. Taylor, 437 So.2d at 474. Bonner has alleged that Henson and Bright fraudulently represented to him that he had a valid contract with A M; therefore, Henson and Bright are not protected by § 14 from that aspect of Bonner's action.
Henson and Bright also contend that Bonner's action should be dismissed because, they argue, his fraud claims are barred by the statute of limitations. A fraud action is subject to the two-year statute of limitations found in § 6-2-38(l), Ala. Code 1975. The two-year period begins to run when the plaintiff discovers, or should have discovered, the fraud. § 6-2-3, Ala. Code 1975; Kelly v. Connecticut Mut. Life Ins. Co.,628 So.2d 454 (Ala. 1993). Bonner alleges in his complaint that after his discharge in November 1993, A M continued to compensate him according to the terms of his alleged contract and that A M officials made "further assurances and promises . . . that the remaining balance of said contract would be honored." He further alleges that A M did not discontinue his compensation until March 31, 1994. Bonner filed his complaint on March 28, 1996. A dismissal based on the statute of limitations is proper only if it is apparent from the face of the complaint that the tolling provisions of § 6-2-3 do not apply. Travis v. Ziter, 681 So.2d 1348 (Ala. 1996). That is not the case here.
After reviewing the allegations of Bonner's complaint and construing them in his favor, we conclude that, conceivably, he could have proved a set of circumstances that would have entitled him to relief against the individual defendants, Henson and Bright, and that he should have been allowed to proceed against them with that aspect of his action alleging fraudulent misrepresentations. On the other hand, the trial court properly dismissed the complaint on the ground of sovereign immunity as to Henson and Bright on the contract claims and as to A M on all claims.
Because we conclude that the trial court improperly dismissed the complaint in its entirety, we need not address Bonner's arguments that the trial court should have granted his post-judgment motion and his motion for leave to amend his complaint.
We reverse that aspect of the judgment dismissing the complaint as to the fraud allegations against Henson and Bright, and *Page 487 
remand the cause for further proceedings consistent with this opinion. In all other respects, we affirm the judgment.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Judges concur.