Darrell Latham appeals the Montgomery Circuit Court's judgment in favor of the Alabama Department of Corrections; Alabama Correctional Industries; Donal Campbell, the commissioner of the Department of Corrections; and Benitta Carter, the warden at the Decatur Community Correctional Facility. We affirm.
 I. Facts and Procedure
In 2003, Alabama Correctional Industries ("ACI"), a division of the Alabama Department of Corrections ("DOC"), contracted with Wilson Sporting Goods Co. ("Wilson") to have inmates in DOC's custody inflate and package various sports balls and to package other sports equipment for Wilson. Under the contract, Wilson would ship sports equipment, deflated sports balls, and the necessary packaging to DOC's Decatur Community Correctional Facility ("the Decatur facility"). When the materials arrived at the Decatur facility, inmates would inflate the balls and package them. The inmates would also occasionally *Page 817 
relabel and package baseball bats and other sports equipment. They would then place the packaged sports balls and other sports equipment onto pallets and load the pallets onto trucks to be shipped back to Wilson. In return for these services, ACI received a negotiated rate per ball inflated and per item packaged. The contract expired in January 2004.[1]
Officials at the Decatur facility assigned certain inmates to the inflation and packaging processes. According to Carter:
 "All newly arrived inmates and those who received disciplinary actions are assigned to ACI to work unless there exists a validated reason they can not. Newly arrived inmates generally do not go directly into [a work-release program] unless they transfer in from another work release via a pass and are in community custody. Inmates who receive disciplinaries that remove them from their [work-release] jobs are not permitted to work unsupervised and are also ineligible for `free world' jobs. Inmates are assigned to ACI for a period of approximately 90 days upon arrival."
Thus, in general, the inmates in the Decatur facility were required to perform work to fulfill the Wilson contract.[2]
The prisoners who were required to work under the Wilson contract were paid up to $.25 per hour for their labor.
Darrell Latham, an inmate at the Decatur facility who was ineligible for work release, was assigned to work on the Wilson contract. DOC alleges that Latham was originally assigned to inflate sports balls. In October 2003, Latham, on behalf of himself and other prisoners who were similarly situated, brought a class action against DOC, ACI, Campbell, Carter, and Wilson in the Morgan Circuit Court. Latham sought a judgment declaring that, pursuant to Ala. Const. 1901, Art. I, § 32;[3] §§14-7-7, -8, and -22, Ala. Code 1975;[4] *Page 818 
and § 14-8-1 et seq., Ala. Code 1975,[5] DOC and ACI do not have the authority to contract inmate labor to a private company such as Wilson. Latham also alleged that he and the other members of the purported class on behalf of which he sought relief were due back wages for work they had performed for Wilson. Finally, Latham sought to enjoin DOC, ACI, Campbell, and Carter from continuing to require prisoners to work under contracts that provide prison-made goods to private companies.
DOC, ACI, Carter, and Campbell moved the Morgan Circuit Court to transfer the action to the Montgomery Circuit Court pursuant to § 6-3-9, Ala. Code 1975.[6] The Morgan Circuit Court granted the motion and transferred the action to the Montgomery Circuit Court.
DOC, ACI, Carter, and Campbell then moved the Montgomery Circuit Court for a summary judgment, arguing: (1) that Latham is not a proper class representative and that the class-certification issue is moot because Latham is no longer an inmate at the Decatur facility and thus is not working on the Wilson contract; (2) that DOC and ACI have the duty to develop manual-labor programs pursuant to § 14-5-30 et seq., Ala. Code 1975,[7] and, therefore, may properly contract out prison labor to private companies; (3) that DOC, ACI, Campbell, and Carter are entitled to sovereign immunity; and (4) that Latham's allegation that DOC and ACI violated § 14-8-4, Ala. Code 1975 (in Article I, entitled "Work Release for State Inmates"),[8]
and § 14-8-36, Ala. Code 1975 (in *Page 819 
Article II, entitled "Work Release for County Inmates and State Inmates in County Custody"),[9] is without merit because those sections are inapplicable to him because he was not eligible for the work-release program.
The trial court allowed Latham to proceed with limited discovery before ruling on the motion for a summary judgment filed by DOC, ACI, Campbell, and Carter. After a hearing, the trial court ruled that Latham is not a proper class representative and that his class-action claims were due to be dismissed. In addition, the trial court ruled that, as to all other claims, summary judgment should be entered.[10]
Latham appeals.
 II. Standard of Review
The standard for review of a summary judgment is well established:
 "The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala. 1986). See also Hanners v. Balfour Guthrie, Inc., 564 So.2d 412
(Ala. 1990).
 ". . . [Section 12-21-12, Ala. Code 1975,] mandates that the [nonmovants] meet their burden by `substantial evidence.' Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Under the substantial evidence test the nonmovant must present `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)."
Brewer v. Woodall, 608 So.2d 370, 372 (Ala. 1992).
The trial court has substantial discretion in determining whether to certify a class, and this Court will not disturb the trial court's determination on that issue unless the trial court exceeds its discretion. Bill Heard Chevrolet Co. v. Thomas,819 So.2d 34, 40 (Ala. 2001). *Page 820 
 III. Analysis A. Sovereign Immunity
Latham argues that the trial court erred in entering the summary judgment in favor of DOC, ACI, Carter, and Campbell. He argues that the doctrine of sovereign immunity does not shield DOC, ACI, Carter, and Campbell from his requests for back wages, compensatory damages, and declaratory and injunctive relief. DOC, ACI, Campbell, and Carter argue that the doctrine of sovereign immunity bars Latham from bringing any of those claims. We agree that the doctrine of sovereign immunity bars Latham from bringing any claim for back wages or compensatory damages.
1. Claims for Back Wages and Compensatory Damages
DOC, ACI, Campbell, and Carter do not provide any legal authority in support of their assertion that they are entitled to sovereign immunity. Instead, they simply state:
 "The law is clear that the State, its agencies, or the employees within those agencies, [have} absolute immunity against a suit for damages."
(Brief of DOC, ACI, Campbell, and Carter, pp. 10-11.) This Court does not typically consider general assertions that are not supported by legal argument and supporting authorities;[11]
nonetheless, "[t]he State is immune from suit, and its immunity cannot be waived by the Legislature or by any other State authority." Larkins v. Department of Mental Health MentalRetardation, 806 So.2d 358, 363 (Ala. 2001) (citing Druid CityHosp. Bd. v. Epperson, 378 So.2d 696 (Ala. 1979)). "`The long-standing legal principle of state sovereign immunity is written into Alabama's Constitution. "Article I, § 14, of the Alabama Constitution of 1901 provides that `the State of Alabama shall never be made a defendant in any court of law or equity.'"'" Larkins, 806 So.2d at 363 (quoting Alabama StateDocks Terminal Ry. v. Lyles, 797 So.2d 432, 434-35 (Ala. 2001), quoting in turn Ex parte Franklin County Dep't of Human Res.,674 So.2d 1277, 1279 (Ala. 1996)). Additionally, officers or agents of the State acting in their official capacities are immune from suit if the result would affect the financial status of the state treasury. Alabama Agric. Mech. Univ. v. Jones,895 So.2d 867, 872-73 (Ala. 2004). Therefore, even where the State has not properly argued sovereign immunity as a defense to an action, "`"a trial or an appellate court should, at any stage of the proceedings, dismiss a suit when it becomes convinced that it is a suit against the State and contrary to Sec. 14 of the Constitution."'" Larkins, 806 So.2d at 364 (quoting Lyles,797 So.2d at 435, quoting in turn Aland v. Graham,287 Ala. 226, 250 So.2d 677, 678 (1971)).
DOC is a department of the State and therefore is entitled to sovereign immunity. Haley v. Barbour County, 885 So.2d 783, 788
(Ala. 2004). ACI is a division of DOC and is therefore also entitled to sovereign immunity. Both Campbell and Carter, as officers and agents of the State, are entitled to immunity. See885 So.2d at 788 (holding that the doctrine of sovereign immunity bars actions against state officers *Page 821 
in their official capacities when those actions are, in effect, actions against the State and holding also that the commissioner of DOC is entitled to state-agent immunity because the commissioner represents a department of the State).
In general, the State is immune from any lawsuit that would directly affect a contract or property right of the State or result in the plaintiff's recovery of money from the State. SeeJones, 895 So.2d at 873. A claim for backpay is a claim for compensatory damages. 895 So.2d at 875-76 (holding that the doctrine of sovereign immunity bars claims for retrospective relief and backpay against a state university based on a breach of an employment contract); Vaughan v. Sibley, 709 So.2d 482,486 (Ala.Civ.App. 1997). The doctrine of sovereign immunity thus bars an action seeking backpay. Jones, 895 So.2d at 876;Vaughan, 709 So.2d at 486. Therefore, the trial court did not err in entering a summary judgment dismissing Latham's claims for back wages and compensatory damages, which are barred by Art. I, § 14, of the Alabama Constitution of 1901.
2. Declaratory and Permanent Injunctive Relief
In addition to his claims for compensatory damages and back wages, Latham seeks declaratory and injunctive relief. Specifically, Latham seeks a judgment declaring that DOC and ACI do not have the authority to contract inmate labor to a private company such as Wilson, and he seeks to enjoin DOC, ACI, Campbell, and Carter from continuing to require prisoners to work under contracts that provide prison-made goods to private companies.
There are four exceptions to sovereign immunity. A state official is not immune from an action that (1) seeks to compel a state official to perform his or her legal duties, (2) seeks to enjoin a state official from enforcing unconstitutional laws, (3) seeks to compel a state official to perform ministerial acts, or (4) seeks a declaration under the Declaratory Judgments Act, §6-6-220 et seq., Ala. Code 1975, construing a statute and applying it in a given situation. Jones, 895 So.2d at 873. Latham's claims for declaratory and injunctive relief are not barred by the doctrine of sovereign immunity; however, for the reasons discussed below, we do not reach the merits of Latham's argument that he is entitled to that relief.
B. Claims Not Barred by the Doctrine of Sovereign Immunity
The trial court concluded that Latham was not a proper class representative and, therefore, dismissed the class claims for declaratory and injunctive relief.[12] On appeal, Latham argues that he meets the criteria to be the class representative in this action because, he says, "he was an injured party and had standing to file this suit." Class actions in Alabama are governed by Rule 23, Ala. R. Civ. P., and Ala. Code 1975, §§6-5-640, -641, and -642. Rule 23(a), Ala. R. Civ. P., sets out four *Page 822 
prerequisites to certification as a class action: numerosity, commonality, typicality, and adequacy of representation:
 "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."
Pursuant to Ala. Code 1975, § 6-5-641(e), when a trial court decides that "the party or parties requesting class certification have proved its or their entitlement to class certification under Ala. R. Civ. P. 23," the trial court is to "employ a rigorous analysis" to determine whether to certify the class. In addition, "[t]he burden of coming forward with such proof shall at all times be on the party or parties seeking certification, and if such proof shall not have been adduced, the court shall not order certification of the class." The trial court is not to order certification of the class unless all factors required by Rule 23, Ala. R. Civ. P., have been established. Ala. Code 1975, §6-5-641(e).
In support of his argument that he is a proper class representative in this case, Latham fails to cite Rule 23, Ala. R. Civ. P., Ala. Code 1975, § 6-5-641, or any other authority. He presents no argument with regard to numerosity, commonality, typicality, or adequacy of representation, nor does he argue that he met his burden under Ala. Code 1975, § 6-5-641(e).[13]See Ala. Code 1975, § 6-5-641(a) ("No class of civil litigants shall be certified or recognized by any court of the State of Alabama unless there shall have been compliance with the procedures for certification of the class set forth in this article.").[14]
Rule 28(a)(10), Ala. R.App. P., requires that the argument section of an appellant's brief contain "the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." That an appellate court will disregard a party's argument for failure to comply with Rule 28(a)(10), Ala. R.App. P., is well established:
 "`It is settled that a failure to comply with the requirements of Rule 28(a) ([10]) requiring citation of authority for arguments provides the Court with a basis for disregarding those arguments:
 "`"When an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court's duty nor its function to perform an appellant's legal research. Rule 28(a) ([10]); Spradlin v. Birmingham Airport Authority, 613 So.2d 347 (Ala. 1993)."'"
FabArc Steel Supply, Inc. v. Composite Constr. Sys., Inc.,914 So.2d 344 (Ala. 2005) (quoting Ex parte Showers, 812 So.2d 277, *Page 823 
281 (Ala. 2001) (citing City of Birmingham v. Business RealtyInv. Co., 722 So.2d 747, 752 (Ala. 1998))). See also McLemorev. Fleming, 604 So.2d 353 (Ala. 1992); Stover v. Alabama FarmBureau Ins. Co., 467 So.2d 251 (Ala. 1985); and Ex parteRiley, 464 So.2d 92 (Ala. 1985).
Latham presents insufficient argument in support of his contention that he is a proper class representative; he cites no authority in support of that argument. On the scant argument and authority Latham presents, we will not reverse the trial court's decision that Latham is not a proper class representative. Because we cannot conclude that the trial court erred in finding that Latham is not a proper class representative, we cannot conclude that trial court erred in dismissing the claims asserted on behalf of the class.
Having concluded that Latham's claims for declaratory and injunctive relief, which are not barred by the doctrine of sovereign immunity, are not adequately presented, we do not reach the merits of Latham's substantive argument — that DOC and ACI do not have the authority to contract inmate labor to a private company such as Wilson.
 Conclusion
We affirm the trial court's summary judgment in favor the defendants with respect to Latham's claim for back wages and compensatory damages. We also affirm the trial court's summary judgment in favor of the defendants with respect to Latham's inadequacy as class representative. We, therefore, do not reach the merits of Latham's substantive argument on behalf of the class that DOC and ACI lack the authority to contract inmate labor to a private company such as Wilson.
AFFIRMED.
NABERS, C.J., and LYONS, HARWOOD, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
SEE, J., concurs specially.
[1] The record reveals that, although the contract between ACI and Wilson formally terminated in January 2004, the Decatur facility continued to do some work for Wilson beyond January 2004.
[2] The record reflects that one inmate was eligible for work release but opted to participate instead in the ball-inflation program.
[3] Ala. Const. 1901, Art. I, § 32, provides "[t]hat no form of slavery shall exist in this state; and there shall not be any involuntary servitude, otherwise than for the punishment of crime, of which the party shall have been duly convicted."
[4] Section 14-7-7, Ala. Code 1975, provides:
 "It is hereby declared to be the intent of this chapter:
 "(1) To provide more adequate, regular and suitable employment for the vocational training and rehabilitation of the prisoners of this state, consistent with proper penal purposes;
 "(2) To utilize the labor of prisoners for self-maintenance and for reimbursing this state for expenses incurred by reason of their crimes and imprisonment; and
 "(3) To effect the requisitioning and disbursement of prison products directly through established state authorities without possibility of private profits therefrom."
Section 14-7-8, Ala. Code 1975, provides:
 "The Alabama Board of Corrections is authorized to purchase in the manner prescribed by law, equipment, raw materials and supplies and to engage the supervisory personnel necessary to establish and maintain for this state at the penitentiary or any penal farm or institution now or hereafter under the control of said board industries for the utilization of services of prisoners in the manufacture or production of such articles or products as may be needed for the construction, operation, maintenance or use of any office, department, institution or agency supported in whole or in part by this state and the political subdivisions thereof."
Section 14-7-22, Ala. Code 1975, provides:
 "(a) On and after August 13, 1976, it shall be unlawful to sell or offer for sale on the open market of this state any articles or products manufactured wholly or in part in this or any other state by prisoners of this state or any other state, except prisoners on parole or probation.
 "(b) Any person who willfully violates the provisions of subsection (a) of this section shall be guilty of a misdemeanor and, upon conviction, shall be confined in jail for not less than 10 days nor more than one year or shall be fined not less than $10.00 nor more than $500.00 or both, in the discretion of the court."
[5] Sections 14-8-1 et seq., Ala. Code 1975, relate to the implementation of work-release programs for inmates.
[6] Section 6-3-9, Ala. Code 1975, provides, in pertinent part, that "[a]ll actions where the prison system or the state on account of the prison system is interested must be commenced in Montgomery County. . . ."
[7] Section 14-5-30, Ala. Code 1975, provides:
 "It is the intent of the Legislature to require the Department of Corrections to develop, within six months after July 31, 1995, a manual labor work program for all inmates. This should also include the development of community-based manual labor camps. The manual labor required of the inmate shall be as rigorous as the department feels is justified, but shall consist primarily of the removal of litter from the highways of this state, the cleaning of unauthorized dumps and public cemeteries, the growing and raising of food for use by inmates or for sale to reduce the costs of incarceration to the taxpayers, and the cleaning and maintenance of public parks, or municipal, county, or state property. It is the further intent of the Legislature to require the department to assign all inmates who do not have a mental or physical impairment which would prevent them from performing manual labor to the manual labor work program and to develop a work incentive program."
[8] Section 14-8-4, Ala. Code 1975, provides:
 "The commissioner shall endeavor to secure employment for eligible inmates under this article, subject to the following:
 "(1) Such employment must be at a wage at least as high as the prevailing wage for similar work in the area or community where the work is performed and in accordance with the prevailing working conditions in such an area;
 "(2) Such employment shall not result in the displacement of employed workers;
 "(3) Inmates eligible for work release shall not be employed as strikebreakers or in impairing any existing contracts; and
 "(4) Exploitation of eligible prisoners, in any form, is prohibited either as it might affect the community, the inmates or the board."
[9] Section 14-8-36, Ala. Code 1975, provides:
 "(a) The State of Alabama and any county are hereby authorized to become employers of work release inmates under this article, and as such may employ inmates to perform any state or county job available, including, but not limited to, road or bridge work, garbage collection and school grounds maintenance.
 "(b) Inmates employed under this section shall be paid the federally established minimum wage."
[10] The trial court's order states:
 "This matter having come before the Court on [Campbell, and Carter's] motion for summary judgment, and the response filed by [Latham], and the Court having held a hearing and heard argument, the Court finds:
 "(1) That the Plaintiff, Darrell Latham, does not meet the criteria to be the class representative in this action;
 "(2) That the complaint for class action certification is due to be denied and dismissed;
 "(3) That the motion for summary judgment is due to be granted in favor of the Defendants as to all other claims[.]"
Although the order is not clear in this regard, according to the case action summary, this order also disposed of the claims against Wilson. Latham makes no argument on appeal regarding the trial curt's judgment in favor of Wilson, and Wilson has not appeared before this Court in this appeal.
[11] See Locke v. Ozark City Bd. of Educ., 910 So.2d 1247,1250 n. 3 (Ala. 2005) (quoting Messer v. Messer,621 So.2d 1343, 1344 (Ala.Civ.App. 1993)). "Furthermore, `it is not the function of this Court to do a party's legal research or to make or address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.'" Butler v. Town of Argo, 871 So.2d 1, 20 (Ala. 2003) (quoting Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala. 1994) (citing in turn Spradlin v. Spradlin, 601 So.2d 76 (Ala. 1992))).
[12] On appeal Latham seeks declaratory and injunctive relief only in his representative capacity. Latham did not distinguish his individual claims for declaratory and injunctive relief from his class claims either on appeal or below. On appeal, in his "Statement of the Issues," Latham says that "the Plaintiff Class is Seeking an Injunction." In both the "Introduction" and the "Summary of the Argument" sections of his brief, Latham states that he "is seeking injunctive relief which is needed in order to protect the Plaintiff class from further harm." In his argument addressing injunctive relief and in his "Conclusion," Latham states that he seeks relief for the benefit of the class, namely, "to prevent other harm to inmates within the class" and "in order to protect the Plaintiff class from further harm."
[13] Latham does not argue that the trial court failed to conduct the "rigorous analysis" required under Ala. Code 1975, §6-5-641.
[14] Latham asserts that whether he is a proper class representative "should be determined at a class certification hearing." Latham cites no authority in support of his proposition. While Ala. Code 1975, § 6-5-641(d), provides that "[t]he court shall, on motion of any party, hold a full evidentiary hearing on class certification," the record before us does not indicate that any party moved for a class-action certification hearing.