948 So.2d 536 (2006)
Dana CARPENTER, as administratrix of the estate of James Carpenter, deceased
v.
Jack TILLMAN et al.
1030694.
Supreme Court of Alabama.
July 7, 2006.
*537 Griffin Sikes, Jr., Montgomery; and Frank H. Hawthorne, Jr., of Hawthorne & Myers, Montgomery, for plaintiff.
Troy King, atty. gen., and Scott L. Rouse, asst. atty. gen.; and Charles A. Graddick and Joseph D. Steadman, deputy attys. gen., of Sims, Graddick & Dodson, Mobile, for respondents.
NABERS, Chief Justice.[1]
The United States District Court for the Southern District of Alabama has certified the following question to this Court pursuant to Rule 18, Ala. R.App. P.:
"Does the State of Alabama Department of Corrections' breach of its duty under § 14-6-81, Code of Alabama, to make inspections of the Mobile County Metro Jail, if proven, support a cognizable claim for relief against the DOC Defendants in the event that the jury finds that this breach was a proximate, contributing cause of the death of a detainee of the City of Mobile in the Mobile County Metro Jail?"
This Court accepted the question; we now answer this question in the negative.
The relevant facts as recited in the certified question are as follows. James Carpenter *538 died in the Mobile County Metro Jail ("the jail") on July 28, 2000. Dana Carpenter, the administratrix of James Carpenter's estate, has sued, among others, Michael Hall, commissioner of the Department of Corrections ("the DOC") in 2000; Greg Lovelace, deputy commissioner of institutions in 2000; and Sidney Rodgers, jail inspector in 2000 (collectively "the DOC defendants"), alleging that the DOC breached a duty imposed by § 14-6-81, Ala.Code 1975, to inspect periodically county and municipal jails. Neither the complaint nor the certified question includes any allegation that the DOC or any of the DOC defendants acted "willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." Ex parte Cranman, 792 So.2d 392, 405 (Ala.2000). The plaintiff's theory of the case is that § 14-6-81 imposes a duty upon the DOC defendants to inspect the jail; that the DOC defendants did not inspect the jail between June 10, 1997, and July 28, 2000, the date of James Carpenter's death; and that an inspection during that time would have identified, and presumably resulted in the correction of, the conditions alleged to have caused James Carpenter's death.
The certified question asks us whether this theory of the case could, "if proven, support a cognizable claim for relief." A literal interpretation of the question might have us focus solely on whether the plaintiff has stated a claim for relief; however, because the statute on which the plaintiff bases her claims applies only to the State and its agents, we find it appropriate in this case to consider also the defenses of State immunity and State-agent immunity. Latham v. Department of Corr., 927 So.2d 815, 820 (Ala.2005)("an appellate court should, at any stage of the proceedings, dismiss a suit when it becomes convinced that it is a suit against the State. . . . ").
Section 14-6-81, Ala.Code 1975, provides, in relevant part, that "[t]he Board of Corrections shall cause to be inspected at least twice each year, if practicable, and as often as it may deem necessary, every county jail. . . ."[2] We assume, without deciding, that this statute applies not only to the DOC, but also to the DOC defendants. Because of the doctrines of State immunity and State-agent immunity, a complaint alleging a breach by senior policy-making officials of the DOC of the duty imposed by this statute fails to state a cognizable claim.
Article I, § 14, Alabama Constitution of 1901, mandates that "the State of Alabama shall never be made a defendant in any court of law or equity." Section 14 provides absolute immunity to agencies of the State, including the DOC. Rodgers v. Hopper, 768 So.2d 963, 968 (Ala.2000) (concluding that the DOC "is entitled to sovereign immunity"). The commissioner and employees of the DOC are also immune from suit when they are sued in their official capacities. Haley v. Barbour County, 885 So.2d 783, 789 (§ 14 bars action against DOC commissioner in his official capacity); Rodgers, 768 So.2d at 969. Even when they are sued in their individual capacities, employees of the DOC are entitled to State-agent immunity when in conducting the activities made the basis of the action they were exercising "judgment in the administration" of the DOC. See Alabama Dep't of Corr. v. Thompson, 855 So.2d 1016, 1021 (Ala. 2003).[3]
*539 The certified question does not indicate whether the plaintiff has sued the DOC defendants in their official or individual capacities. However, with respect to the particular statute at issue in this case, we find the distinction irrelevant. Even if the DOC defendants have been sued in their individual capacities, they are entitled, in this case, to the protection of State-agent immunity.
Section 14-6-81 instructs the DOC to inspect county jails "at least twice each year, if practicable, and as often as it may deem necessary. . . ." (Emphasis added.) This language requires the DOC (and, we assume for the sake of argument, the DOC defendants) to exercise judgment as to when and how often it is practicable or necessary to conduct the inspections mandated by § 14-6-81.
The plaintiff has alleged that the DOC did not inspect the jail between June 10, 1997, and July 28, 2000, the date on which James Carpenter died. Assuming this allegation to be true, it is nevertheless insufficient to show that an inspection during that period was practicable and that the DOC thus breached a duty to inspect. Nor could the plaintiff state a cognizable claim by arguing that the DOC defendants erred in determining that an inspection during that period was not practicable. That decision would necessarily have involved an exercise of judgment by the DOC defendants, and they are immune from suit for claims arising from the manner in which they exercised that judgment.
The language of § 14-6-81 vests the DOC with extremely broad discretion as to whether and when to conduct the inspections of county jails mandated by that Code section. Nothing in the certified question suggests that the decision not to inspect the jail between June 10, 1997, and July 28, 2000, was anything other than an exercise of that discretion. As a result, on the limited facts presented to us, we must conclude that the plaintiff's claim alleging that the DOC defendants breached their statutory duty under § 14-6-81 is not a cognizable claim under Alabama law.[4]
QUESTION ANSWERED.
SEE, HARWOOD, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
LYONS and WOODALL, JJ., dissent.
WOODALL, Justice (dissenting).
The majority opinion states in a footnote:
"It should not be inferred from our holding today that there is no set of circumstances under which the plaintiff in this action could recover for a breach of the duty imposed by § 14-6-81; nor does our holding today mean that an agent of the DOC will always be entitled to immunity from an action alleging a breach of the duty imposed by that statute."
948 So.2d at 539 n. 4. It is fundamental that a complaint fails to state a claim "only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." EB Invs., L.L.C. v. Atlantis Dev., Inc., 930 So.2d 502, 507 (Ala.2005)(internal quotation marks and citations omitted). Consequently, the Court should answer the certified question presented *540 here in the affirmative. Instead, without an adequate factual basis, the Court addresses issues concerning State immunity and State-agent immunity that are well beyond the scope of the certified question. Therefore, I respectfully dissent.
LYONS, J., concurs.
NOTES
[1] This case was originally assigned to another Justice on this Court. It was reassigned to Chief Justice Nabers on May 26, 2006.
[2] The text of the statute refers to the Board of Corrections, which has been abolished by statute. § 14-1-16, Ala.Code 1975. The responsibilities previously assigned to the Board of Corrections now belong to the DOC. § 14-1-1.1, Ala.Code 1975.
[3] Thompson applied the general rule of State-agent immunity as stated in Ex parte Cranman, 792 So.2d 392 (Ala.2000), to employees of the DOC.
[4] It should not be inferred from our holding today that there is no set of circumstances under which the plaintiff in this action could recover for a breach of the duty imposed by § 14-6-81; nor does our holding today mean that an agent of the DOC will always be entitled to immunity from an action alleging a breach of the duty imposed by that statute.