BOLIN, Justice.
The Alabama Department of Transportation (“ALDOT”) petitions this Court for a writ of mandamus directing the Colbert Circuit Court to enter an order dismissing the breach-of-contract claim asserted by S & M Equipment Company, Inc. (“S & M Equipment”), against it. ALDOT has demonstrated a clear legal right to the relief requested; therefore, we grant the petition and issue the writ.

Facts and Procedural Background

S&M Equipment entered into a contract with ALDOT pursuant to which S & M Equipment would widen, resurface, and stripe approximately 1.116 miles of roadway in Colbert County. ALDOT agreed to pay S&M Equipment a fixed sum for the performance of the designated work. According to S & M Equipment, it performed the work in accordance with the contract, but ALDOT “breached the express and implied terms of the contract by, inter alia, failing to pay S&M Equipment for work properly performed by S & M Equipment, by ordering the removal of work performed in accordance with [AL-DOT’s] direction and instructions, and by requiring S&M Equipment to perform work without making payment.”
S&M Equipment sued ALDOT, Colbert County, and John Bedford, the county engineer, alleging breach of contract, neg *720 ligence, suppression, and unjust enrichment. S & M Equipment also requested a judgment declaring ALDOT responsible for paying S & M Equipment in accordance with the terms of the contract and with the requirements of Alabama statutory law for the services rendered. Additionally, S & M Equipment asked the trial court to declare that ALDOT must pay S & M Equipment’s “attorneys’ fees, costs, and expenses, and such other relief as the court may deem just and equitable.”
ALDOT moved to dismiss all the claims against it, pursuant to Rule 12(b)(1), Ala. R. Civ. P. In its motion to dismiss, AL-DOT, among other grounds, alleged that the trial court did not have subject-matter jurisdiction because as a State agency AL-DOT is entitled to State immunity. The trial court conducted a hearing and then dismissed all the claims against ALDOT except the breach-of-contract claim. AL-DOT now petitions this Court for a writ of mandamus ordering the trial court to dismiss the breach-of-contract claim.

Standard of Review

“As this Court has consistently held, the writ of mandamus is a
“‘“drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” ’
“Ex parte Wood, 852 So.2d 705, 708 (Ala.2002) (quoting Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)). ‘ “In reviewing the denial of a motion to dismiss by means of a mandamus petition, we do not change our standard of review ....’” Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 57 (Ala.2006) (quoting Ex parte Haralson, 853 So.2d 928, 931 (Ala.2003)).
“‘In Newman v. Savas, 878 So.2d 1147 (Ala.2003), this Court set out the standard of review of a ruling on a motion to dismiss for lack of subject-matter jurisdiction:
“ ‘ “A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.”
“ ’878 So.2d at 1148-49.’
“Pontius v. State Farm Mut. Auto. Ins. Co., 915 So.2d 557, 563 (Ala.2005). We construe all doubts regarding the sufficiency of the complaint in favor of the plaintiff. Drummond Co., 937 So.2d at 58.”
Ex parte Alabama Dep’t of Transp., 978 So.2d 17, 20-21 (Ala.2007).

Analysis

ALDOT contends that the trial court erred in failing to dismiss S & M Equipment’s breach-of-contract claim because, it says, the trial court does not have subject-matter jurisdiction. According to ALDOT, the trial court lacks subject-matter jurisdiction because, it argues, as an agency of the State, it is entitled to State immunity.
“This Court has long held that ‘ “ ‘the circuit court is without jurisdiction to entertain a suit against the State because of Sec. 14 of the Constitution.’ ” ’ Larkins v. Dep’t of Mental Health & *721 Mental Retardation, 806 So.2d 358, 364 (Ala.2001) (quoting Alabama State Docks Terminal Ry. v. Lyles, 797 So.2d 432, 435 (Ala.2001), quoting in turn Aland v. Graham, 287 Ala. 226, 229, 250 So.2d 677, 678 (1971)). ‘[A]n action contrary to the State’s immunity is an action over which the courts of this State lack subject-matter jurisdiction.’ Larkins, 806 So.2d at 363.
“There are exceptions to the State’s sovereign immunity.
“ A state official is not immune from an action that (1) seeks to compel a state official to perform his or her legal duties, (2) seeks to enjoin a state official from enforcing unconstitutional laws, (3) seeks to compel a state official to perform ministerial acts, or (4) seeks a declaration under the Declaratory Judgments Act, § 6-6-220 et seq., Ala.Code 1975, construing a statute and applying it in a given situation.’
“Latham v. Department of Corr., 927 So.2d 815, 821 (Ala.2005). Other actions that are not prohibited by § 14 include:
“ ‘(5) valid inverse condemnation actions brought against State officials in their representative capacity; and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law.’
“Drummond Co., 937 So.2d at 58 (emphasis omitted)....
[[Image here]]
“This Court has repeatedly held that § 14, Ala. Const.1901, ‘affords the State and its agencies an “absolute” immunity from suit in any court.’ Haley v. Barbour County, 885 So.2d 783, 788 (Ala.2004); see also Ex parte Mobile County Dep’t of Human Res., 815 So.2d 527, 530 (Ala.2001) (‘Pursuant- to § 14, Ala. Const, of 1901, the State of Alabama and its agencies have absolute immunity from suit in any court.’); Ex parte Tuscaloosa County, 796 So.2d 1100, 1103 (Ala.2000) (‘Under Ala. Const, of 1901, § 14, the State of Alabama has absolute immunity from lawsuits. This absolute immunity extends to arms or agencies of the state_’). This absolute immunity from suit also bars suits for relief by way of mandamus or injunction. Ex parte Troy Univ., 961 So.2d 105, 108 (Ala.2006).
“Because the immunity of the State is absolute, this Court has usually provided that any exceptions to that immunity extend only to suits naming the proper State official in his or her representative capacity. See Latham, 927 So.2d at 821 (laying out the exceptions to sovereign immunity). Even when an action names the proper State official in his or her representative capacity, such an action will be barred if it is', in substance, an action against the State for damages. See Ex parte Town of Lowndesboro, 950 So.2d 1203, 1206 (Ala.2006) (‘Additionally, a party may not indirectly sue the State by suing its officers or agents “‘when a result favorable to plaintiff would be directly to affect the financial status of the state treasury.’ ” ’ (quoting Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002), quoting in turn State Docks Comm’n v. Barnes, 225 Ala. 403, 405, 143 So. 581, 582 (1932)) (emphasis added in Patterson)).”
Ex parte Alabama Dep’t of Transp., 978 So.2d at 21-22 (footnote omitted).
ALDOT is a State agency, see Ex parte Alabama Department of Transportation, 764 So.2d 1263, 1268 (Ala.2000), and, therefore, is absolutely immune from suit, unless S & M Equipment’s breach-of- *722 contract claim falls within one of the exceptions to State immunity.
In pleading its breach-of-contract claim, S & M Equipment avers that although it performed the work in accordance with its contract with ALDOT, ALDOT breached the express and implied terms of that contract. S & M asks this Court to direct the trial court to order ALDOT to perform what S & M says are its legal duties and pay for the services rendered by S & M Equipment. S & M Equipment’s breach-of-contract claim does not fall within any of the exceptions to State immunity, see Ex parte Alabama Department of Transportation, 978 So.2d at 21-22; therefore, S & M Equipment’s breach-of-contract claim against ALDOT is barred by the doctrine of State immunity. S & M Equipment argues that ALDOT is not entitled to State immunity because this Court allowed a plaintiff to litigate a breach-of-contract claim against ALDOT’s predecessor — the State Highway Department — in Milton Construction Co. v. State Highway Department, 568 So.2d 784 (Ala.1990), and State Highway Department v. Milton Construction Co., 586 So.2d 872 (Ala.1991) (“the Milton Construction cases”). In Ex parte Alabama Department of Transportation, 978 So.2d at 22, this Court clarified the reason for the trial court’s subject-matter jurisdiction in the Milton Construction cases. The trial court had subject-matter jurisdiction in the Milton Construction cases, not because the State Highway Department was a defendant, but because the director of the State Highway Department, in his official capacity, was a defendant, and the action sought to require the director to perform his legal duties and to pay for the services rendered pursuant to the contract. See Latham v. Department of Corr., 927 So.2d 815, 821 (Ala.2005) (recognizing that a State official is not immune from suit when a party seeks to compel the State official to perform his or her legal duties). In this case, S & M Equipment named ALDOT as a defendant; it did not name the director of ALDOT as a defendant. Therefore, the reasoning in the Milton Construction cases is not applicable here. See also Ex parte Alabama Dep’t of Transp., 978 So.2d at 24.

Conclusion

ALDOT has established a clear legal right for the dismissal of S & M Equipment’s breach-of-contract claim against it. ALDOT is a State agency, and its immunity from suit is absolute. S & M Equipment did not establish that-its breach-of-contract claim fell within any of the exceptions to State immunity; therefore, the trial court erred in denying ALDOT’s motion to dismiss S & M Equipment’s breach-of-contract claim. We grant the petition for a writ of mandamus and order the Colbert Circuit Court to dismiss S & M Equipment’s breach-of-contract claim against ALDOT.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and LYONS, STUART, and MURDOCK, JJ., concur.